UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 20-05666-JVS (DFM) | Date: | July 6, 2020 |
|---|---|---|---|
| Title | Roger Douglas v. R.C. Johnson | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE EXHAUSTION

On June 25, 2020, Roger Douglas ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his 2016 conviction and resulting sentence of 39 years to life in prison. See id. at 2. The Petition raises the following grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of habeas counsel; (3) the trial court erred by admitting two post-incident statements; and (4) the trial court erred in denying Petitioner's motion under People v. Romero, 13 Cal. 4th 497 (1996). See Petition at 5-9. Petitioner states that Grounds One and Two were not presented to the California Supreme Court because he was not confident that his counsel was literate. See id. at 9.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

As noted above, Petitioner acknowledges that Grounds One and Two are unexhausted. The Petition is thus subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The Ninth Circuit has held that a district court also "has the discretion to stay and hold in abeyance fully unexhausted petitions" under Rhines. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements. In any event, he has not requested a stay of these proceedings while he exhausts his state remedies, much less attempted to make the three necessary showings under Rhines. In light of Mena, however, the Court will give Petitioner an opportunity to move for a Rhines stay.

The Court notes that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Petitioner is thus strongly encouraged to file a state habeas petition with the California Supreme Court as soon as practicable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**IT THEREFORE IS ORDERED** that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following:

(1) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies;

(2) request voluntarily dismissal of his unexhausted claims (Grounds One and Two) and elect to proceed on his exhausted claims;

(3) file a formal stay-and-abey motion if he believes he can make the required showings under <u>Rhines</u>; or

(4) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**