# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROGER DOUGLAS,<br><br>    Petitioner,<br><br>    v.<br><br>R.C. JOHNSON,<br><br>    Respondent. | Case No. CV 20-05666-JVS (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I. BACKGROUND

On June 25, 2020, Roger Douglas ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenged his 2016 conviction and resulting sentence of 39 years to life in prison. See id. at 2. The Petition raised the following grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of habeas counsel; (3) the trial court erred by admitting two post-incident statements; and (4) the trial court erred in denying Petitioner's motion under People v. Romero, 13 Cal. 4th 497 (1996). See Petition at 5-9. Petitioner acknowledged that Grounds One and Two were not presented to the California Supreme Court. See id. at 5-6.

On July 6, 2020, the Court ordered Petitioner to show cause in writing why the Petition should not be dismissed without prejudice for failure to

exhaust state remedies. See Dkt. 4 at 3. In the alternative, the Court directed Petitioner that he could request voluntarily dismissal of the unexhausted claims (Grounds One and Two), file a motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005), or voluntarily dismiss the entire Petition without prejudice. See Dkt. 4.

On July 21, 2020, Petitioner requested a voluntary dismissal of his unexhausted claims and an opportunity to file stay motion under Rhines. See Dkt. 6. The Court interpreted this conflicting request as a request for a stay under Rhines (rather than a dismissal of his unexhausted claims) and ordered Petitioner to explain how he met the requirements for a Rhines stay. See Dkt. 7. When Petitioner did not timely respond, the Court issued an order to show cause, ordering him to explain why the Petition should not be dismissed as mixed and for failure to prosecute. See Dkt. 9. The Court's deadline for a response to the order to show cause has passed without any filing from Petitioner.

## II. DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). He has failed to meet this burden. He acknowledges that Grounds One and Two are unexhausted. See Petition at 5-6. The Petition is thus subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

Furthermore, Petitioner has failed to respond to this Court's orders. This is a failure to prosecute and a second reason for dismissal. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b); Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (setting out factors relevant to deciding whether to dismiss action for failure to prosecute, which weigh against Petitioner).

### III. CONCLUSION

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, Petitioner is not entitled to the relief he seeks because his claims are mixed and he has failed to prosecute them. Because reasonable jurists could not disagree with this disposition, the Court will deny a certificate of appealability.

The Petition is DISMISSED without prejudice. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that the Petition is unexhausted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: December 17, 2020

_____
JAMES V. SELNA
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge